**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5127**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

BARNEY EDWARD SAUNDERS,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, District Judge.  (4:01-cr-00076-RBS-1)

Submitted:  September 3, 2010          Decided:  September 23, 2010

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Rudolpho Cejas II, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Norfolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Timothy R. Murphy, Special Assistant United States Attorney, Matthew J. Sutton, Second Year Law Student, William and Mary School of Law, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barney Edward Saunders appeals the district court's order revoking his supervised release and sentencing him to thirty months in prison. On appeal, Saunders contends that his sentence is plainly unreasonable. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence, the

2

court need not be as detailed or specific when imposing a revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

Saunders contends his sentence is plainly unreasonable for four reasons: (1) his overall adjustment to supervision was good; (2) his violations were relatively minor; (3) the district court erred in characterizing his record as comprising "more than three strikes"; and (4) his sentence creates unwarranted disparities. We have reviewed the record and conclude these arguments are without merit, and Saunders's sentence is both within the prescribed statutory range and reasonable.

Saunders was convicted of possession of cocaine base with intent to distribute and possession of a firearm by a convicted felon, and he was sentenced to 105 months in prison followed by five years of supervised release. On July 20, 2006, the district court granted the Government's Fed. R. Crim. P. 35(b) motion based on substantial assistance and reduced his prison sentence from 105 months to sixty months. He began his supervised release term on July 25, 2006, and reported for his first supervision interview on August 1, 2006. Just eight days later, he was charged with driving on a revoked operator's license and speeding, and he was convicted on October 23, 2006. On October 14, 2007, he was charged with driving while intoxicated, driving under suspension—4th offense, and speeding.

3

On December 17, 2007, he was convicted of driving while intoxicated and driving under suspension, but he appealed the driving under suspension conviction. On December 9, 2007, Saunders was charged with assault: child in common. He also submitted late monthly supervision reports to the probation officer in July 2007, August 2007, and October 2007; and he failed to notify the probation officer within seventy-two hours of his October 14, 2007 arrest. He appeared before the district court at his first revocation hearing on February 28, 2008.

Saunders did not dispute any of the allegations in the probation officer's petition on supervised release, except that he informed the district court that the assault charge had been nolle prossed, and his de novo appeal of the driving under suspension charge was still pending. His attorney requested that the court keep him on supervised release, arguing he was "worthy of this one chance." The district court found Saunders had violated the conditions of his supervised release but did not revoke his supervised release. The district court continued disposition of the violations pending any further violations. The district court explained it would "give him one more chance" but warned him that he was facing a prison term of three years, and the "next time [would] have some serious consequences."

In addenda to the petition on supervised release, the probation officer alleged additional violations by Saunders.

4

His previous charge of driving under suspension—4th offense was amended to driving under suspension—3rd offense, and he was convicted on May 22, 2008. On February 2, 2009, he was again charged with driving under suspension—3rd offense, and he was convicted on April 16, 2009. He failed to notify the probation officer within seventy-two hours of his new arrest on February 2, 2009. On July 19, 2009, Saunders was arrested and charged with assault: child in common, assault and battery, and assault, after he assaulted three different people. First, he engaged in a confrontation with the mother of his child and threw alcohol in her face and on her body. When she got away from him and went into the bathroom, he kicked in the door and hit her in the back of the head. When her sister tried to help her, Saunders punched the sister twice in the face. After the sisters went to the home of Saunders's aunt and uncle, Saunders punched the uncle in the jaw. At his final revocation hearing on November 9, 2009, Saunders informed the district court that the assault charges had been dismissed but that he did not contest the facts of the incident and he stipulated to the violations.

At the hearing, the district court found that Saunders continued to be in violation of his supervised release and had committed additional violations with his new conviction for driving under suspension, not notifying the probation officer of the arrest, and the matters giving rise to his three assault

5

charges as set forth in the addenda. In revoking his supervised release and sentencing him to thirty months in prison, the district court considered the § 3553(a) factors and noted its action should be sufficient but not greater than necessary to comply with the purposes of the statute. The court found that the nature and circumstances of the offense, together with his history and characteristics, weighed tremendously against him. The court noted Saunders had repeatedly abused his supervised release and had committed a "series of violations now that have been going on for a couple of years." This was the second time he had appeared before the court on violations; and the violations were severe, as they were the commission of crimes, assaults, and involvement with police, which was particularly unacceptable after the court had given him a break.

The district court also looked to the kinds of sentences available and the need to avoid unwarranted sentencing disparities, but noted the revocation table was only advisory and Saunders faced up to thirty-six months in prison. Although the court reasonably decided it was time to have his supervision revoked, and that a thirty-month prison sentence with no further supervised release was appropriate, the court ordered that while incarcerated Saunders would be directed to undergo anger management counseling, take a parenting class, receive substance abuse treatment, further his education, and work on a skill.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED